**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE**

**CIVIL ACTION NO. 15-83-DLB**

**PEGGY BENTLEY**                                                                 **PLAINTIFF**

vs.                  **MEMORANDUM OPINION AND ORDER**

**CAROLYN W. COLVIN, Acting**                                **DEFENDANT**
**Commissioner of Social Security**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will **remand** this matter to the Commissioner for a determination of whether Plaintiff's liver disease meets a listing under Listing 5.05.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 31, 2012, Plaintiff Peggy Bentley filed her current application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging disability as of August 28, 2012. (Tr. 56). Plaintiff's claim was denied initially and on reconsideration. On July 1, 2014, Administrative Law Judge Don Paris held an administrative hearing via video at Plaintiff's request. (Tr. 67-89). On November 10, 2014, ALJ Paris issued an unfavorable decision, denying Plaintiff's claim. (Tr. 53-66). Plaintiff requested that the Appeals Council review that decision; it affirmed the decision of ALJ Paris. (Tr. 1). Plaintiff filed an appeal with this Court on August 28, 2015. (Doc. # 1). Plaintiff and Commissioner have filed their

1

cross-motions for summary judgment (Docs. # 11 & 12), making this matter ripe for review.

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 58). At Step 2, the ALJ found Plaintiff had the following medically determinable impairments: steatohepatitis, history of esophageal varices, mild degenerative disc disease, hypertension, and hearing loss. (Tr. 58). But he also found that none of these impairments, alone or in some combination, significantly limited basic work-related activities for twelve consecutive months, rendering all of Plaintiff's impairments non-severe. (Tr. 58-59).

Because the ALJ found that none of Plaintiff's impairments were severe, he necessarily found that those impairments did not impinge her function beyond a slight abnormality. Accordingly, ALJ Paris found that Plaintiff was not under a disability. In making this determination, the ALJ considered whether the impairments limited Plaintiff's ability to perform the following basic work activities: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.

### C. Analysis

On appeal, Plaintiff raises two challenges to the ALJ's determination. First, she claims that he erred by failing to find any of her impairments severe. And second, she argues that ALJ Paris did not reasonably weigh the evidence in the record and failed to properly evaluate her credibility. Because the Court must remand this case for proper

3

consideration of Plaintiff's liver disease, it need not reach the merits of Plaintiff's second challenge at this time.

Plaintiff alleges that the ALJ erred by failing to find any of her impairments severe. A "severe impairment" is a medically determinable impairment that "significantly limits an individual's ability to perform basic work activities." 20 C.F.R. § 404.1521; SSR 85-28, 1985 WL 56856 at *2; SSR 96-3p, 1996 WL 374181 at *1; SSR 94-4p. 1996 WL 374187 at *2. The Sixth Circuit has indicated a reluctance to find all impairments non-severe and stop the analysis at Step 2. *See Williamson v. Sec'y of Health and Human Servs.*, 796 F.2d 146, 151 (6th Cir. 1986) (recognizing that the analysis may stop at Step 2, but noting that, if a claimant arguably satisfies the criteria of a listed impairment, it is not proper to preclude consideration of the listing). Thus, the Circuit has held that "an impairment can be considered as not severe, and the application rejected at the second stage of the sequential evaluation process, only if the impairment is a 'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience.'" *Id.* (quoting *Farris v. Sec'y of Health and Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985)).

The Sixth Circuit has further held that, "if a court's reading of the record should reveal that the listing's criteria are satisfied according to valid tests and credible reports, an ALJ's finding of no severe impairment at step two cannot be found to be supported by substantial evidence." *Id.* The Sixth Circuit noted that it did not wish to re-order the sequential process, but was simply holding that a finding of non-severity at Step 2 cannot be supported by substantial evidence when it appears that the listed criteria are met. *Id.* Thus, where, as here, the ALJ determines that a claimant has no severe impairments, the

4

district court must not only ensure that this determination is supported by substantial evidence on its face, but must also look through to Step 3 to consider whether the claimant's impairments would arguably meet a listing criteria.

After review of the record and the relevant Listings, the Court finds that the ALJ's decision to find all of Plaintiff's impairments non-severe is supported by substantial evidence, except as it relates to her liver disease. The Court will review each impairment, and its relevant Listing, in turn.

Listing 1.00 governs disorders of the musculoskeletal system, including the spine. In order to for the claimant to have a loss of function that warrants a severe impairment finding, they must be unable to ambulate effectively or unable to perform fine or gross movements effectively on a sustained basis. 20 C.F.R. § 404.1525; Listing 1.00(B). While the record does show that Plaintiff has mild degenerative disc disease, it does not indicate that it limits her ability to ambulate effectively. In fact, Plaintiff indicated that she could complete many daily functions, including walking, going to the grocery store (and shopping for 45 minutes), and visiting family. There is no medical opinion evidence in the record that indicates that Plaintiff's spinal issues prevent her from "sustaining a reasonable walking pace over a sufficient distance to carry activities of daily living." *Id.* A 2012 state agency examination showed normal gait, normal range of motion, no tenderness, no evidence of spasm of the paravertebral muscles, and no tenderness, warmth, swelling, or crepitus of any joint. (Tr. 587). Accordingly, the Court finds that the ALJ's determination that this impairment is not severe is supported by substantial evidence, nor does this impairment meet a listing.

Listing 2.00 governs special senses, including hearing. Plaintiff wears bilateral hearing aids, but nothing in the record demonstrates that her hearing is so impaired that it limits her daily function. Dr. Barry Burchett, during a medical examination of Plaintiff, noted that "[t]here was no problem with normal conversation within the quiet confines of the examination room." (Tr. 587). After a review of the record, there is no medical evidence that would even arguably meet a Listing under the hearing loss section, and the Court finds that ALJ Paris's determination is supported by substantial evidence.

Hypertension, although a cardiovascular disorder, generally causes disability through its effects on other body systems. Thus, its effects are evaluated by reference to the specific body system – heart, brain, kidneys, or eyes – when its effects are considered under the listings. 20 C.F.R. § 404.1525; Listing 4.00(H)(1). The record does not indicate that Plaintiff's high blood pressure affected any other body systems. Instead, it demonstrates that her hypertension was well-controlled by medication. (Tr. 634). Accordingly, this impairment does not meet a Listing under section 4.00 and the ALJ's non-severe determination is supported by substantial evidence.

Plaintiff's final two medically determinable impairments are analyzed under Listing 5.00, which covers digestive system disorders. Plaintiff's liver condition, which the vast majority of the record in this matter is devoted to, does not arguably meet one of the Listings. Plaintiff has been diagnosed with non-alcoholic steatohepatitis (NASH). This is also known as fatty liver disease, and while often asymptomatic at first, it can develop into full-blown cirrhosis. While episodes of acute liver disease do not meet Listing 5.05, evidence of chronic impairment may. Chronic impairment is characterized by pruritis, fatigue, nausea, loss of appetite, or sleep disturbances. From the record, it is unclear

whether Plaintiff's liver disease is chronic, but arguably could be so. Further, chronic impairment plus esophogeal varices may meet Listing 5.05 in certain circumstances. In addition, there are many more combinations of symptoms that, when coupled with chronic liver disease, meet Listing 5.05. This case should be remanded for the ALJ and the parties to consider whether Plaintiff's liver disease meets a Listing under 5.05.

### III. CONCLUSION

Accordingly, for the reasons stated, **IT IS ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment (Doc. # 11) is hereby **granted**;

(2) Defendant's Motion for Summary Judgment (Doc. # 12) is hereby **denied**;

(3) This action is hereby **remanded** to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) with instructions to reconsider Plaintiff's liver disease at Step Three, and further if necessary; and

(4) This matter is hereby **stricken** from the Court's active docket.

This 31st day of August, 2016.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\SocialSecurity\MOOs\Pikeville\7-15-83 Bentley MOO.wpd